HERZOG, RESPONDENT, *v.* BERNARD, APPELLANT.

[Submitted May 27, 1892. Decided September 26, 1892.]

EXECUTION SALE — *Injunction* — *Appeals.* — Where an order of the District Court vacating an execution sale has been affirmed on appeal, an order of such court granting an injunction to restrain the judgment creditor from disposing of property purchased at such execution sale will also be affirmed.

*Appeal from Fourth Judicial District, Missoula County.*

An injunction was granted by MARSHALL, J., restraining defendant from disposing of the property purchased at the execution sale, which was vacated in *Bernard* v. *Herzog, ante,* page 519. Affirmed.

*Harry D. Moore,* and *Thomas C. Marshall,* for Appellant.

*Duis & Crouch,* and *Murray & Musgrave,* for Respondent.

DE WITT, J. — This action grew out of the order made by the District Court in *Bernard* v. *Herzog,* which order we have just decided should be affirmed. In the case at bar the plaintiff, respondent herein, obtained an injunction against Bernard, restraining him from disposing of the mining stock which he had bought on the execution sale in the case of *Bernard* v. *Herzog.* The injunction herein was obtained on the ground that the execution sale in *Bernard* v. *Herzog* had been set aside. As it is determined that there was no error in the District Court in setting aside that sale, there is no reason presented why the injunction in this case should not remain. The ground urged for setting it aside was, in effect, that the order made in the other case should be vacated, and with such vacation the injunction in this case should fall.

The order of the District Court granting the injunction herein is affirmed.

*Affirmed.*

BLAKE, C. J., and HARWOOD, J., concur.